# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Antonio Robertson,    Case No. 3:03CR703

    Movant

v.    **ORDER**

United States of America,

    Respondent

This is a federal prisoner's collateral attack under 28 U.S.C. § 2255.

In 2003, a jury convicted the movant, Antonio Robertson, of conspiring to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1).

According to the then-mandatory Sentencing Guidelines, Robertson qualified as a career offender because he had prior felony convictions for "a crime of violence" (an involuntary-manslaughter conviction in the Allen County, Ohio Common Pleas Court) and a controlled-substance offense (possession with intent to distribute in this court). *See* U.S.S.G. § 4B1.1(A).

His offense level of 37 and his criminal history category VI yielded a Guidelines range of between 360 months and life in prison. Despite my misgivings about imposing such a severe sentence, I sentenced Robertson to 360 months' imprisonment.

While Robertson's case was on appeal, the Supreme Court held in *U.S. v. Booker*, 543 U.S. 220 (2005), the Guidelines were only advisory. In light of that decision, the Sixth Circuit vacated Robertson's sentence and remanded for resentencing. *U.S. v. Robertson*, 187 F. App'x 547 (6th Cir. 2006).

On remand, the government again urged me to sentence Robertson as a career offender to a term of imprisonment between 360 months and life in prison. Without the career-offender designation, Robertson would have faced a Guidelines range of between 292 and 365 months' imprisonment. And at all events, Robertson faced a mandatory twenty-year sentence for violating § 841(a)(1), given his prior conviction for a drug offense. *See* 21 U.S.C. § 841(b)(1)(A).

I rejected the government's request and, deviating significantly from the Guidelines range, sentenced Robertson to the twenty-year minimum.

The Sixth Circuit upheld the sentence. *U.S. v. Robertson*, No. 06-4505 (Jan. 31, 2008).

Robertson now urges me to vacate his sentence on the basis of *Johnson v. U.S.*, --- U.S. ---, 135 S. Ct. 2551 (2015), which held that imposing an enhanced sentence under the Armed Career Criminal Act's (ACCA) so-called "residual clause" violates due process. *See generally In re Watkins*, --- F.3d ----, 2015 WL 9241176 (6th Cir.).

As Robertson notes, the ACCA's residual clause and the Guidelines both permit an enhanced sentence for defendants previously convicted of "a crime of violence." Both provisions, moreover, define "a crime of violence" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a)(2).

Robertson contends he qualified as a career offender under the Guidelines – and was thus eligible for an enhanced sentence – only because his involuntary-manslaughter conviction was a "crime of violence" under the language quoted above.

2

And because the Supreme Court held that this language – at least as it appears in the ACCA – was unconstitutionally vague, Robertson argues the identical language can no longer support his "enhanced" sentence under the career-offender Guideline.

The government opposes the motion on multiple grounds (Doc. 327 at 5-23), only one of which I need address.

Although Robertson was, by virtue of his classification as a career offender, eligible for a sentence of 360 months to life in prison, I did not impose a sentence within that Guidelines range. Rather, I imposed the lowest possible sentence I could: the twenty-year mandatory minimum dictated, not by the career-offender Guideline, but by 21 U.S.C. § 841(b)(1)(A) and Robertson's prior conviction for a controlled-substance offense.

The validity of Robertson's sentence does not, therefore, depend on whether his conviction for involuntary manslaughter is a "crime of violence" under § 4B1.2(a)(2). Accordingly, I need not decide what bearing, if any, *Johnson*, has on this case.[1]

It is, therefore,

ORDERED THAT: Robertson's motion to vacate (Doc. 325) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] The Guidelines also provide that a conviction for "manslaughter" qualifies as a "crime of violence." U.S.S.G. § 4B1.2, cmt. n.1. The Sixth Circuit has held the Guidelines "categorically define manslaughter, whether voluntary or involuntary, as a 'crime of violence[,]'" in which case resort to the residual clause would have been unnecessary in Robertson's case. *U.S. v. Butcher*, 174 F. App'x 292, 295 (6th Cir. 2006); *U.S. v. Sanders*, 97 F.3d 856, 859-60 (6th Cir. 1996). Because I did not sentence Robertson as a career offender, however, I do not reach this issue.